## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY BESTHOFF, derivatively and on behalf of WORLD WATER WORKS HOLDINGS, INC. | Civil Action No. 2:17-cv-01449 MJV-MF |
| Plaintiffs, | |
| v. | VERIFIED STOCKHOLDER COMPLAINT (AMENDED) |
| PRASHANT MITTA, RAVI REDDY, RAVISHANKAR TUMULURI, and WORLD WATER WORKS HOLDINGS, INC. | |
| Defendants. | Document Filed Electronically |

Plaintiff Anthony Besthoff, a stockholder of World Water Works Holdings, Inc. ("WWWH" or the "Company"), by his attorney Gilberto Garcia, Esq., makes the following Verified Complaint pursuant to Fed. R. Civ. P. 23.1 on behalf of World Water Works Holdings, Inc. against Defendants Ravi Reddy, Prashant Mitta, and Ravishankar Tumuluri, as follows:

## SUMMARY OF ACTION

1.    This is a stockholder derivative action brought by Anthony Besthoff on behalf of nominal defendant WWWH against three of the five members of the Company's Board of Directors, Defendants Ravi Reddy ("Reddy"), Prashant Mitta ("Mitta"), and Ravishankar Tumuluri ("Tumuluri") for breaches of fiduciary duty, gross mismanagement, and excessive self-dealing to the detriment of the Company.

2.     Defendants Reddy, Mitta and Tumuluri have violated their duty of care and duty of loyalty to the Company, as described herein, in a manner that has damaged the Company.  Defendants Reddy, Mitta and Tumuluri, in the three specific instances alleged herein, have leveraged their Board control of the Company to fleece funds from the Company to their own personal benefit.

3.     In 2016, Plaintiff learned that an entity Ravi Reddy owns refused to pay $790,000 owed to the Company among many other self-dealing activities.  Plaintiff sent a default demand letter requesting that Reddy's LLC pay the money due and owing to the Company.

4.     After the Company received the Besthoff demand, Defendant Reddy formed a Board committee whose composition was in direct violation of the governance documents of the Company.  Defendant Reddy then demanded that this illegitimate committee approve a license transaction whereby WWWH granted a territory license to WWW Asia Holdings, LLC ("India Operation"), a company in which he has a controlling interest, in exchange for a 25% membership interest.

5.     Prior to the 25% membership interest adoption by the Company, in 2016, Defendant Reddy represented to have made a $1 million equity investment into the India Operation through Think Water Partners, LLC.  The committee created by Reddy approved this exchange between the Company and the India Operation in March 2017.

6.     Reddy knowingly bound the Company to a financial transaction by converting $1 million of equity to $1 million debt without disclosure to the Company, without disclosure of terms, without review and discussion a business plan or legitimate rationale, without discussion of pro-rata rights, and without other appropriate and necessary disclosures.  Reddy knowingly made these changes without any documentation, disclosure to the Company Board, without a Company Board

vote, and without stockholder approval. At the time of the transaction, the India Operation was in desperate need of financial and business assistance given its history of losses and failed execution versus projections. Reddy's primary interest in arranging this transaction was to protect his investment in India Operations, not the interests of WWWH.

7.    Ravi Reddy's conduct of ignoring governance requirements of the Company, manipulating equity and debt at will to serve his best interests, and avoidance of any documentation, disclosure or approvals by the Company and its stockholders that might curtail the transactions that benefitted his other interests constitutes self-interested transactions and a violation of his fiduciary duties to the Company.

8.    Tumuluri, a foreign citizen lacking proper authorization to work in the United States, accepted an executive position with the Company and has received compensation of $120,000.00 per year in violation of the immigration laws due to the fact that he is an ESTA non-immigrant who is not authorized to be employed in the United States.  This constitutes a violation of 8 U.S.C. §1324a(a)(1)(A) which makes the Company liable for hiring for employment in the United States an alien knowing that the alien is not authorized to work.  Tumuluri is not authorized to work in the United States and is only allowed to visit the United States.

9.    The mere acceptance of $120,000.00 per year for acting as the Company's secretary without having authority to be employed is a violation of Tumuluri's fiduciary duties to the Company as it is setting the Company up for the potential of a criminal violation if the employment is discovered by the U.S. Government.  No director should accept employment under nebulous circumstances if the potential for trouble exists as a result of this employment.

10.   According to the Defendant Directors and Officers of the Company, the Company currently faces a liquidity crisis and is in severe financial hardship.  Nonetheless, Mitta, as CFO of the Company authorized at over $1 million dollars to be paid to the law firm of Mayer Brown, LLP, in New York, for payments of legal fees incurred by investment vehicles owned by Mitta and Reddy that hold WWWH interests: Mitta Water Holdings, LLC, Think WWW Holdings, LLC and Tura water Holdings, LLC (collectively "Mitta LLCs").

11.   By shifting these significant legal fees away from his investment entities and onto WWWH, Mitta directly avoided material legal fees that he otherwise would have directly borne, a self-interested transaction in direct contravention to his role as CFO and director of WWWH. Mitta authorized these payments without notifying the Board.  Mitta authorized these payments without a board vote as required by the governance documents of the Company.  Mitta authorized these payments without a stockholder vote.  These actions by Prashant Mitta are violations of his fiduciary duties as a Director of the Company.

12.   Any one of these breaches of care and loyalty demand the Defendants removal of Directors.

13.   This derivative stockholder action was brought following a formal demand by Plaintiff to the Board to address, remedy, and pay a debt that Ravi Reddy's company had with the Company and other Defendants' breaches of fiduciary duty and self-dealing which damaged the Company. Since this action was initially filed the Defendants have engaged in the conduct alleged herein that has damaged and continues to damage the Company.

**PARTIES**

14.   WWWH is a closely held corporation incorporated in Delaware with a principal place of business in Oklahoma.   WWWH is the owner of World Water Works, Inc. ("WWWInc."), the operating arm of the Company (WWWH and WWWInc. are referred to collectively as "WWW" or the "Company").

15.   Plaintiff Anthony Besthoff ("Besthoff") is a stockholder of WWWH and has been during the relevant time periods set forth in this Complaint.   He is a resident of the State of Massachusetts. Plaintiff Besthoff holds an MBA from Cornell University.   Plaintiff Besthoff is a seasoned business person that has held board positions with dozens of companies.   He has spent a large portion of his career in private equity and venture capital investing in and growing companies.   The core fabric that allows private equity and venture capital to work is proper corporate governance and adherence to investor agreements.   The Plaintiff has brought this suit to assure that the Defendants suffer consequences for their lack of duty of care and loyalty.

16.   Defendant Prashant Mitta ("Mitta") is the Chief Financial Officer of WWWH and a member of the Board.   He is a resident of the State of New Jersey.   Mitta has an MBA from Columbia University and was a Director at Enron.

17.   Defendant Ravi Reddy ("Reddy") is a member of the Board.   He is a resident of the State of New Jersey.   Reddy has an MBA from Rutgers University and was a partner at a major Certified Public Accounting firm.

18.   Defendant Ravishankar Tumuluri ("Tumuluri") is the Secretary of WWWH and a member of the Board.   He is a resident of the United Kingdom.   Tumuluri was a manager at Enron and has held over a dozen Board positions.

## DUTIES OF THE COMPANY'S BOARD AND DIRECTORS

19.   By reason of their positions and ability to control the business and corporate affairs of the Company, the Defendants owe the Company and its stockholders' fiduciary obligations of loyalty, good faith and fair dealing, trust, fidelity, and due care.  The Defendants are required to use their utmost ability to manage and control the Company in a fair, just, and equitable manner and to act in furtherance of the best interests of the Company and all classes of stockholders.

20.   Defendants obligations include a duty to maximize the Company's value with respect to any corporate/business venture and to refrain from taking any actions which damage or reduce the Company's value.

21.   To discharge their fiduciary duties to the Company, Defendants are also required to govern the Company to utilize its resources in a manner benefitting the Company and all classes of stockholders, and not in favor of their own personal and financial interests.

22.   Defendants are also obligated to act in the best interests of the Company, and to in good faith oversee, direct, and supervise the Company's business and corporate interests.

23.   Defendants therefore owe the Company and its stockholders' obligations of candor, fidelity, and loyalty, and are further required to not make any attempts to frustrate or impede maximization of Company and stockholder value for their own personal or financial gain.

24.   Each Defendant is sued individually and in his respective capacity as an officer/executive or Board member because each undertook actions to circumvent or otherwise not abide by the governance documents of the Company to benefit their own interests.

25.   Each Defendant is sued individually and in his respective capacity as an officer/director or Board member because each undertook actions which advanced their own personal and financial interests at the expense of the Company and its stockholders.

## JURISDICTION AND VENUE

26.   This Court has jurisdiction over the within action pursuant to 28 U.S.C. § 1332(a)(2) because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

27.   The Court has jurisdiction over each defendant named herein because each defendant is either a corporation that conducts business and maintains operations in this District or is an individual who has sufficient minimum contacts such that the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

28.   Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because (i) one or more of the defendants either resides in or maintains operations in this District; or (ii) a substantial portion of the transactions and wrongs complained of herein, including defendants' primary participation in the wrongs detailed herein, occurred in this district.

29.   This action is not a collusive one to confer jurisdiction that this Court would not otherwise have.

## BACKGROUND FACTS COMMON TO ALL COUNTS

### The Composition of the Company and its Board of Directors

30.   Defendant WWWH is a holding corporation organized and existing under the laws of the State of Delaware and consisting of itself as the holding company and its subsidiaries and affiliates.

The Company has three classes of shares of stock: common stock, non-voting common stock, and preferred stock.  With respect to its preferred stock, the Company has issued Series A, Series B-1, Series B-2, and Series C preferred stock.  The Company is a closely-held corporation whose shares do not trade on any public stock exchange.  Defendant WWWH is controlled by the Series B and Series C directors, who as the majority of the board of directors, vote in all ways that are convenient to Mitta Water Holdings, LLC, Think WWW Holdings, LLC, and Tura Water Holdings, LLC, the Limited Liability Company entities that appointed them.

31.   The board composition of the Company is Dr. James Fosshage as preferred stock Series A, Mark Fosshage as CEO director, Ravi Reddy as preferred stock Series C, Prashant Mitta as preferred stock B-1 Series and Ravishankar Tumuluri as preferred stock Series B-2.  Prashant Mitta and Ravi Reddy are the direct owners of the Mitta LLCs.  Therefore, the Mitta LLCs control the Company's board.

32.   The Plaintiff is a common and founding stockholder and has proper standing to bring about this Complaint. Unlike the Mitta LLCs, the Plaintiff's common stock lacks the more sophisticated governance mechanisms of the preferred stock. As such, Plaintiff has a greater reliance on the directors' execution of fiduciary duties of care and loyalty to protect his interests.

**Plaintiff Sent a Demand Letter Requesting Board Action**

33.   Without resolution of the $790,000.00 debt owed to the Company, Plaintiff Besthoff filed a Demand letter with the Company on November 15, 2016 to address a debt that Think Water Partners, LLC, Reddy's company that owns 75% of the India Operation had with the Company.

34.   In December of 2016, Ravi Reddy sent a letter to the Company complaining that Think Water Partners should not pay the $790,000.00 because it had invested $1 million in the India

Operation, thus benefiting the Company.  At the time, the letter was written by Reddy seeking forgiveness of the debt that was the cause of Plaintiff's Demand Letter, the $1 million was classified as an equity infusion into the India Operation.

35.  Think Water Partners, LLC had to the pay the $790,000.00 it owed to the Company.

36.  Thereafter, and around the same time, the acts described herein transpired.  Formal demand letters as well as written stockholder consents have been sent on behalf of the majority of the stockholders of the outstanding shares of the Company, but the Company's management, working in conjunction with the Defendants herein as well as the Defendants have refused to comply with the requests by the majority of the outstanding stockholders of the Company to stop the conduct described in the following paragraphs of this Complaint.

### Ravi Reddy's Manipulation and Misrepresentations of Facts Upon the Company.

37.  Many of the issues related to the Demand Letter were resolved on the surface and at some point, appeared to be moot.  However the truth of the matter is that Ravi Reddy's company, Think Water Partners LLC, paid the $790,000.00 due and owing but at the same time, unbeknownst to the Company's Board or its stockholders, charged $1 million to the books of the India Operation without the Company's 25% interest approval as mandated by the India Operation's protective provisions requiring a unanimous consent in the event of loan capitalization in the India Operation.

38.  This charge was included in a document approved and created by the India Operation committee created to make decisions, obviating Company Board approval, always benefiting the India Operation, even at a loss to the Company.

39.  The debt report was submitted to the Company by Ravi Reddy on March of 2017.  The document was entitled The Amended and Restated Limited Liability Company Agreement of the

India Operation.  In it, there is a debt incurred by the India Operation in the amount of $1 million. The creditor is Ravi Reddy's company, Think Water Partners, LLC.  This limited liability company owns 75% of the India Operation.

40.  This transaction alone constitutes self-interested conduct on the part of Ravi Reddy as a Director of the Company because by adding debt to the India Operation books where the creditor lending the money is his LLC, he is putting debt into the India Operation that reduces the value of the 25% interest of the Company.  A Board vote from the Company was required in this case according to the governance documents of the Company.

### The Committee Created By Reddy Violated the Corporate Governance Checks and Balances.

41.  Ravi Reddy has a majority ownership interest in three of the four investment entities holding preferred stock in the Company, the Mitta LLCs.  That means he is the controlling stockholder of the Company.  He is also a director of the board.

42.  On November 18, 2016, three days after Plaintiff's demand letter, the Defendants, under the direction of Reddy, created a committee to address all issues related to the India Operations.

43.  Reddy's purpose for creating this committee was to preclude Dr. James Fosshage from objecting and opposing any of Reddy's self-interested positions with regard to the India Operation, such as the fraudulent transfer of equity capitalization in December 2016 to a loan capitalization in the books of the India Operations in March 2017.

44.  This committee, made up of loyal executives to Reddy due to the fact he controlled the Company and they would benefit directly from his allegiance, violated the check and balances of

the Bylaws, the Amended and Restated Investors' Rights Agreement ("IRA") - a stockholder agreement, and the law of Delaware.

45.  Section 5.6 of the IRA requires that any Committee of the Company must include a Director representing the Series A preferred stockholders.  This Director is Dr. James Fosshage.

46.  This stockholders' agreement violation affected the Company and all the stockholders holding the majority of the outstanding stock, including the Plaintiff.   Unlike Reddy the stockholders holding the majority of the outstanding stock are damaged by the incurrence of debt in the India Operation which cause the diminution of the Company's 25% membership interests in the India Operation in favor of Reddy.

47.  Without adhering to the governance documents of the Company in forming the improper Board committee, Reddy transferred a valuable license to the Indian Operation for the benefit of his 75% stake at the expense of WWWH shareholders.

48.  With the use of the improper Board committee, without having to answer to anyone in the Company, Reddy strapped the India Operation with an unapproved debt that needs to be paid in priority to any proceeds or liquidity the Company could receive for its 25% ownership in the India Operation.  Reddy is accruing significant interest which is further dilutive to the Company's stake.

49.  Reddy has violated his fiduciary duties to the Company with his conflicted actions that ignore and violate the Company's governance documents and Delaware law .

**Ravishankar Tumuluri's Employment Violates the Immigration Laws of the United States.**

50.  Defendant Tumuluri has repeatedly misappropriated Company resources and funds to his own benefit in the commission of violations of 8 U.S.C. §1324(a), not caring that the Company,

pressured to do this under Reddy's control, could be subjected to fines from the Department of Homeland Security.

51.   On January 6, 2017, WWWH held a Board meeting where only the Defendants attended.

52.   By approved resolution, Defendant Tumuluri was appointed as WWWH Secretary with annual compensation of $120,000.00.  The Company's management is not withholding taxes from this Executive compensation.  It treats it as an independent contractor agreement.  Independent contractors have very specific rules under the guidelines of the Internal Revenue Service.

53.   Defendant Tumuluri is a resident of London and holds a passport from India.

54.   Defendant Tumuluri travels to the United States to sporadically and runs most of his responsibilities as a director and executive of the Company from London.  He does not hold a business, investor or employment visa.  Upon information and belief, the Company has not made any requests to Homeland Security to obtain an employment visa for Tumuluri.

55.   Defendant Tumuluri travels to the United States through the Section 217 Visa Waiver Program, commonly referred to as ESTA.  Under this program an alien is not entitled to work and is in the United States under a visitor classification.

56.   Defendant Tumuluri does not have employment authorization.

57.   Defendant Tumuluri's compensation stems from his executive position as WWWH Secretary.

58.   The secretary of the Company does not have absolute independence of action in execution of the work involved for the position because the duties are dictated by the Bylaws and governed by the Board of Directors.  Therefore, in accordance with the language of the Bylaws, the secretary is not an independent contractor.

59.   The Company has the power to interfere with or control the manner of execution of the secretary's performance.   Therefore, the Company determines and lays out the duties to be performed and thus, the secretary is a corporate employee of WWWH and not an independent contractor as the Company's management claims.

60.   The executives of WWWH, in May 2018, after demands from Plaintiff's counsel, retained the services of Ms. Julie Myers Wood of Guidepost Solutions, LLC and Paul Virtue of Mayer Brown.   Both responded that the Company had engaged in an appropriate retention of an independent contractor and thus, no violations of 8 U.S.C. §1324(a) existed.  The experts' opinion did not take into consideration the IRS definition of independent contractor, which in this case, is applicable and would not permit an independent contractor relationship between the Company and Tumuluri.

61.   Tumuluri continues to receive an annual salary of $120,000.00 as "Secretary" of the Company which is clearly in violation of 8 U.S.C. §1324(a).

62.   Ravishankar Tumuluri has violated his fiduciary duties as a Director to the Company by accepting a lucrative compensation package for a job that belongs to a person authorized to work in the United States.

**Prashant Mitta, as CFO of the Company Has Approved And Overseen More that $1 Million In Legal Fees For The Investment Entities He Controls in Violation of the Checks and Balances of Corporate Governance.**

63.   Prashant Mitta is the CFO of the Company.

64.   Mayer Brown LLP, the firm that represents the Mitta LLCs that Mitta is an owner has been paid over $1 million in legal fees by the Company under the premise that those fees are advances for the representation of the Defendant Directors as indemnification advances for litigation fees.

The Mitta LLCs, parties in various matters, do not have any indemnification agreements or other agreements requiring the Company to pay legal fees or legal fee advancements.  Under the direction of Mitta, the Company has paid all legal fees to Mayer Brown for their representation of the Mitta LLCs.

65.   The legal fees approved by Mitta to cover the fees for the Mitta LLCs  has been concealed and deliberately misrepresented as being used to address claims related to his role as director from the Board and other stockholders by the Company's management under the direction of Board Director and CFO Mitta.

66.   Mitta, as CFO of the Company, has instructed the Company executives to provide the legal fees disbursements for legal representation of the preferred stockholder companies of WWWH. Upon information and belief, a total of $2,175,465 has been paid to Mayer Brown from December 2016 through December 2018 by the Company.  It is unknown what portion has been paid for advances of director legal fees under indemnification agreements and what has been paid for Mayer Brown's representation of the Mitta LLCs stockholder in connection with stockholder litigation.

67.   During June 2018 through December 2018, there were two active cases that Mayer Brown was actively engaged in the Supreme Court of New York, Commercial Division: 1) 654925/2017, *Mitta Water Holdings; Think WWW Holdings, LLC; Tura Water Holdings, LLC; Prashant Mitta; Ravi Reddy; Ravishankar Tumuluri; and World Water Works Holdings, Inc. vs. Mark Fosshage; James Fosshage; and Anthony Besthoff*; 2) 652881/2018, *James Fosshage; Mark Fosshage; and World Water Works Holdings, Inc. vs. Mitta Water Holdings, LLC; Think WWW Holdings, LLC;*

*Tura Water Holdings, LLC; David Carpenter, Esq.; Mayer Brown LLP; David Boillot, Esq.; Reitler Kailas, LLC; Samuel Wilson, Esq.; and World Water Works Holdings, Inc.*

68.   On August 8, 2019, Prashant Mitta sent an email stating: "*the Company continues to face liquidity constraints and is in need of capital/financing to address those constraints.*" Notwithstanding such representation, Mitta has prioritized and approved the payments by the Company to Mayer Brown LLP for the representation of the Mitta LLCs.

69.   The Board has never voted upon the interested party payments to Mayer Brown on behalf of Mitta's Mitta LLCs.   The nature and allocation of the work for these payments for director advances and Mitta's preferred stockholders' companies remains concealed by the Company's executives under the mandate of board director Prashant Mitta.   However, compiling factual financial information and statistical analysis, the amount paid by the Company to Mayer Brown on behalf of the Mitta LLCs is well over $1 million.

70.   Prashant Mitta has violated his fiduciary duties to the Company as a Director to the Company in self-interested transactions by causing the Company to pay the legal fees of the Mitta LLCs.

### FIRST COUNT
**(Breach of Fiduciary Duty Against Defendants Mitta, Reddy, and Tumuluri)**

71.   Plaintiff repeats the allegations of paragraphs 1 through 71 as if set forth in their entirety herein.

72.   As directors and members of the Board of the Company, Defendants Mitta, Reddy and Tumuluri owed the Company fiduciary duties of due care and loyalty.   They represent the Mitta

LLC stockholders of the Company and thus, they owe, as directors and stockholders, a fiduciary duty to the Company and other non-controlling stockholders.

73.  As described in this Complaint, Defendants Mitta, Reddy and Tumuluri breached their fiduciary duties to the Company by repeatedly taking self-interested actions that harmed the Company to the benefit of the India Operation (Ravi Reddy), actions that harm the Company in employment that violates immigration laws (Ravishankar Tumuluri) and actions forcing the Company to pay legal fees for companies in which Mitta has financial and other interests (Prashant Mitta).

## SECOND COUNT
### (Waste of Corporate Assets Against Defendants Mitta, Reddy, and Tumuluri)

74.  Plaintiff repeats the allegations of paragraphs 1 through 73 as if set forth in their entirety herein.

75.  As a result of the misconduct and breaches of fiduciary duty described above, Defendants Mitta, Reddy and Tumuluri have wasted and squandered the Company's assets.

76.  Defendant Reddy has wasted and squandered Company assets by providing creating illegal debt for his company, owner of 75% of the India Operations with no corresponding benefits to the Company and strapping it for $1 million of debt in diminution of the Company's stake in the India Operation.

77.  Defendant Tumuluri has wasted corporate assets of over $360,000 by engaging in employment with the Company at the salary of $120,000.00 that violates the immigration laws of the United States.

78.   Defendant Mitta has wasted corporate assets by continuing to use the Company as his personal bank to fund over $1 million of legal fees incurred by the Company's preferred stockholders LLCs he owns.

WHEREFORE, Plaintiff demands judgment against the Defendants:

a). for damages in an amount to be determined at trial resulting from Defendants' breaches of fiduciary duty and corporate waste, plus fees and other costs as are equitable and just;

b). for declaratory relief as follows:

1). removing Reddy, Mitta, and Tumuluri from the Board of the Company and replacing them in accordance with the Voting Agreement of the Company;

c). for declaratory relief terminating the Ravishankar Tumuluri's employment as Secretary of the Company;

d). for punitive damages permitted by law; and

e). such other relief as the Court deems just and equitable.

GILBERTO M. GARCIA, LLC

*Gil Garcia*
By:  GILBERTO M. GARCIA

*Attorneys for Plaintiff Anthony Besthoff and World Water Works Holdings, Inc.*

Dated: September 4, 2019

## **VERIFICATION**

I, Anthony Besthoff, under penalty of perjury, certify as follows:

I am the lead plaintiff in this action.  I am a founding stockholder in World Water Works Holdings, Inc. and have been during the relevant time period of the actions described herein. I have reviewed the Verified Complaint and authorized its filing.  Based upon my and my counsel's investigation, the contents of the Verified Complaint are true to the best of my knowledge, information, and belief.

By: _____

Anthony Besthoff

Dated:  September 4, 2019